UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

CHARLES STACK,

       Plaintiff,                         Case No. 2:10-cv-00621
                                            JUDGE GREGORY L. FROST
     v.                                      Magistrate Judge Norah McMann King

FRANKLIN COUNTY SHERIFF
JIM KARNES, et al.,

       Defendants.

**OPINION AND ORDER**

This matter is before the Court for consideration of Defendants' motion to dismiss (Doc. # 6) and Plaintiff's memorandum in opposition (Doc. # 16). For the following reasons, the Court **GRANTS IN PART** and **DENIES IN PART** the motion to dismiss.

**I. Background**

On June 13, 2009, Plaintiff, Charles Stack, was arrested, taken into custody, and transported to Franklin County Corrections Center I. Plaintiff, a diabetic, alleges that on numerous occasions he alerted employees at the jail of his medical status and his need for his insulin medicine. As a result of ignoring Plaintiff's requests for the insulin medication, Plaintiff alleges that he suffered injuries and had to receive medical care.

Plaintiff initiated the immediate action under 42 U.S.C. § 1983, alleging violations of his rights under the Eighth and Fourteenth Amendments of the United States Constitution.[1] (Doc. # 3.) Thereafter, Defendants Franklin County and Franklin County Board of Commissioners,

---

[1] This action was initially filed in Franklin County Common Pleas Court on June 10, 2010 and removed to this Court. (Doc. # 2.)

together, filed the motion to dismiss (Doc. # 6) which is now ripe for consideration.

## II.  Discussion

### A.  Standard Involved

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) requires an assessment of whether the party asserting a claim has set forth a claim upon which the Court may grant relief.  This Court must construe the pleading in favor of the party asserting a claim, accept the factual allegations contained in that party's pleading as true, and determine whether the factual allegations present a plausible claim.  *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 570 (2007).  The Supreme Court has explained, however, that "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).  Thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Id.*  Moreover, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  *Id.* at 1950.

To be considered plausible, a claim must be more than merely conceivable.  *Bell Atlantic Corp.*, 550 U.S. at 556; *Ass'n of Cleveland Fire Fighters v. City of Cleveland, Ohio*, 502 F.3d 545, 548 (6th Cir. 2007).  What this means is that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949.  The factual allegations of a pleading "must be enough to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555.  *See also Sensations, Inc. v. City of Grand Rapids*, 526 F.3d 291, 295 (6th Cir. 2008).

B. Analysis

1. Defendant Franklin County

Defendants first argue that a 12(b)(6) dismissal is appropriate as to Defendant Franklin County because it is not *sui juris* and thus, lacks the capacity to sue or be sued without explicit statutory authorization. More specifically, Defendants rely on Section 301.22 of the Ohio Revised Code for the proposition that the only counties that can be sued or are capable of suing are those that adopt a charter or alternative form of government, which Franklin County has not done. *See* Ohio Rev. Code Ann. § 301.22. In turn, Plaintiff asserts that the fact that Defendant Franklin County is not *sui juris* under Ohio law is irrelevant, as his allegations regarding Defendant Franklin County are nevertheless sufficient to make it amenable to suit under § 1983. (Doc. # 16, at 3.) Plaintiff relies on the United State Supreme Court case *Monell v. Dep't of Soc. Serv.* for the principle that a municipality or other local government body, such as Franklin County, becomes a "person" subject to suit under § 1983 when implementing an unconstitutional policy or custom. 436 U.S. 658, 694 (1977).

Thus, the issue before the Court is whether a county's lack of capacity to sue or be sued under Section 301.22 precludes the ability of such county to become amenable to a § 1983 claim pursuant to *Monell*. Ohio federal courts have dealt with this issue inconsistently. *Compare Turner v. City of Toledo*, 671 F. Supp. 2d 967, 970-74 (N.D. Ohio 2009) (stating that a county's *sui juris* status, or lack thereof, does not preclude application of § 1983); *Wood v. Summit County Fiscal Office*, 579 F. Supp. 2d 935, 964 (N.D. Ohio 2008) (accepting that Summit County can be sued on a *Monell* claim, without specifically addressing the underlying Section 301.22 issue); *Jerry v. Lake County Bd. of Comm'rs*, No. 1:09-CV-2079, 2010 U.S. Dist. LEXIS 77135 (N.D. Ohio July 31, 2010) (implicating that a *Monell* inquiry is separate from that of

being *sui juris*), *and Sanford v. County of Lucas*, No. 3:07-CV-3588, 2009 U.S. Dist. LEXIS 20774, at *8-9 (N.D. Ohio Mar. 16, 2009) (holding that Section 301.22 has no bearing on the applicability of § 1983), *with Newman v. Telb*, No. 3:08-CV-711, 2010 U.S. Dist. LEXIS 96994, at *8-9 (N.D. Ohio Sept. 16, 2010) (dismissing a *Monell* claim against Lucas County for lack of *sui juris* status), *Clellan v. Karnes*, No. 2:09-CV-930, 2010 U.S. Dist. LEXIS 90991, at *10-11 (S.D. Ohio Sept. 2, 2010) (dismissing a *Monell* claim against Franklin County for lack of *sui juris* status), *Marin v. Cleveland Clinic*, No. 1:09-CV-090, 2010 U.S. Dist. LEXIS 7708, at *10 (N.D. Ohio Jan. 29, 2010) (dismissing a *Monell* claim against Cuyahoga County for lack of *sui juris* status), *and Alkrie v. Irving*, No. 5:96-CV-2687, 2003 U.S. Dist. LEXIS 17856, at *17 n.9 (N.D. Ohio Sept. 25, 2003) (stating that "Holmes County Court cannot be sued as it is not *sui juris*; therefore, it is irrelevant whether it could be considered a 'person' under § 1983. Without deciding that issue, this Court will say that, intuitively, it seems unlikely that a non-*sui-juris* entity could be a person[ ]") (italics added).

Moreover, the Sixth Circuit has not directly dealt with this issue. *See Petty v. County of Franklin*, 478 F.3d 341, 347-48 (6th Cir. 2007) (implying that an Ohio county need not meet the dictates of Section 301.22 to be amenable to suit). *Contra Mumford v. Basinki*, 105 F.3d 264, 267 (6th Cir. 1997) (implying that an Ohio county must meet the dictates of Section 301.22 to be amenable to a § 1983 claim). In *Petty*, the Sixth Circuit addressed a lower court's dismissal of Franklin County for failure to allege a sufficient *Monell* custom or policy. *Petty*, 478 F.3d at 347. The court held that the lower court's dismissal was invalid and the *Monell* claim should have been addressed at summary judgment. *Id.* (noting that the error was nevertheless harmless as summary judgment was appropriate). Thus, the Sixth Circuit, in recognizing that a *Monell* claim against Franklin County could be appropriately considered at summary judgment,

4

implicitly acknowledged that Franklin County's lack of being *sui juris* under Ohio law has no bearing on their amenability to suit under § 1983 and *Monell*. *See id.*

Because of the inconsistent manner in which Ohio district courts have dealt with this issue and because the Sixth Circuit has not squarely addressed the issue, this Court will consider it in depth. To determine whether a county that lacks the capacity to be sued under state law is nevertheless subject to suit under § 1983 and *Monell*, the Court must first address the "non-*sui juris*" nature of counties under Ohio law. In pertinent part, Ohio law dictates that "political subdivision" refers to "municipal corporations, townships, *counties*, school districts, and all other bodies corporate and politic[.]" Ohio Rev. Code § 2743.01(B) (emphasis added). Such entities, while not being included as "part of the state," are nevertheless afforded immunity. *Id.* at (A), (B).

Absent explicit statutory authorization suggesting otherwise, Ohio counties, by retaining their sovereignty from the state, generally cannot be sued. *See Pancake v. Wakefield*, 102 Ohio App. 5, 7, 140 N.E.2d 887, 888 (Athens Cty. 1956). Section 301.22 states that "[e]very county adopting a charter or an alternative form of government . . . is capable of suing and being sued[.]" § 301.22. In effect, Sections 301.22 and 2743.01, collectively, operate to provide immunity to a county so long as they do not adopt a charter or an alternative form of government. *See* §§ 301.22, 2743.01(B).

To prevail on a § 1983 claim, a plaintiff must satisfy two prongs: (1) a constitutional deprivation; (2) by a *person* acting under the color of state law. *Adair v. Charter County of Wayne*, 452 F.3d 482, 491-92 (6th Cir. 2006) (citing *Russo v. City of Cincinnati*, 953 F.2d 1036, 1042 (6th Cir. 1992)) (emphasis added). As a general rule, local governments and counties are not "persons" under § 1983 and thus, not subject to suit, even where acting under color of state

5

law. *See Monell*, 436 U.S. at 691. However, where "execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the [complained of] injury[,]" municipalities and other local governments are considered a "person" for purposes of § 1983. *Id*. at 694. This rationale does not apply to actions of employee tortfeasors, or "municipal liability" on the basis of *respondeat superior*, as the congressional intent is clear—such liability may only be imposed on the basis of custom or policy. *See id.* at 691.

The Supreme Court's decision in *Monell*, however, cannot be read as providing carte blanche authority to hold municipalities or local governments liable when they implement a constitutionally depriving custom or policy. Rather, liability may not be imposed where it would be inconsistent with the Eleventh Amendment. *See id.* at n.54 (stating that "[o]ur holding today is, of course, limited to local government units which are not considered part of the State for Eleventh Amendment purposes"). Accordingly, entities that qualify for Eleventh Amendment immunity are not subject to a *Monell* claim. *Id.* Therefore, they cannot be a "person" for purposes of § 1983. *See Monell*, 436 U.S. at 691 n.54.

Thus, the Court must determine the applicability of the Eleventh Amendment to local governments, such as Franklin County, and the effect, if any, of the immunity from suit provided to such counties under Ohio Revised Code Section 301.22 on a § 1983 claim. The immunity afforded by the Eleventh Amendment is limited to its context. More specifically, immunity is only extended to that which existed prior to the United States Constitution's ratification. *See N. Ins. Co. of New York v. Chatham County, Georgia*, 547 U.S. 189, 193 (2006); *Alden v. Maine*, 527 U.S. 706, 740 (1999); *Mt. Healthy City Bd. of Educ. v. Doyle*, 429 U.S. 274, 280 (1977). It follows that only the sovereign and arms thereof were entitled to preratification immunity. *See*

*N. Ins. Co. of New York*, 547 U.S. at 193. As such, the Eleventh Amendment does not apply to local governments unless they are considered an arm of the state. *See N. Ins. Co. of New York*, 547 U.S. at 193; *Alden*, 527 U.S. at 740; *Mt. Healthy City Bd. of Educ.*, 429 U.S. at 280.

In that regard, the Supreme Court has consistently refused to apply Eleventh Amendment protection to counties because they are not arms of the state. *See Lake Country Estates, Inc. v. Tahoe Reg'l Planning Agency*, 440 U.S. 391, 401 & n.19 (1979); *Workman v. New York City*, 179 U.S. 552, 565 (1900); *Mt. Healthy City Bd. of Educ.*, 429 U.S. at 280 (stating that "a local school board . . . is *more like a county* or city *than it is like an arm of the State*") (emphasis added); *S.J. v. Hamilton County*, 374 F.3d 416, 420 (6th Cir. 2004) (adopting *Mt. Healthy* when it expressly affirmed "portion of the district Court's order denying immunity to defendant Hamilton County[, Ohio]"). Likewise, this remains true even where such counties, as herein, may "exercise a 'slice of state power.'" *N. Ins. Co. of New York*, 547 U.S. at 193-94 (citing *Lake Country Estates*, 440 U.S. at 401). Having no grounds for asserting Eleventh Amendment immunity, the issue of whether Section 301.22 operates as a "waiver" to such immunity is moot. *See Mt. Healthy City Bd. of Educ.*, 429 U.S. at 280 (stating that "[w]e prefer to address . . . the question of whether such an entity had any Eleventh Amendment immunity in the first place, since if we conclude that it had none it will be unnecessary to reach the question of waiver").

With the immunity afforded by the Eleventh Amendment being inapplicable to Franklin County, the Court turns to the effect of Section 301.22 on Franklin County's amendability to suit on a § 1983 claim. In essence, Section 301.22 provides a "waiver" to the grant of state provided immunity to counties under Section 2743.01. *See also Turner*, 671 F. Supp. 2d at 971 n.2 (stating that "[Section] 301.22 merely purports to set out the circumstances in which a county is deemed to have waived its common law immunity, codifying . . . [the premise that] a county . . .

7

adopt[ing] a separate form of government can no longer claim immunity as a mere instrumentality of the State of Ohio"). While Ohio law is free to define and set forth the ability of political subdivisions, like Franklin County, to retain and ultimately waive immunity *under state law*, the Eleventh Amendment is controlled as a matter of *federal law*. *See Regents of Univ. of Cal. v. Doe*, 519 U.S. 425, 429 n.5 (1997) (emphasis added). Thus, as a matter of federal law, Franklin County is without grounds to assert immunity from a *Monell*-based § 1983 claim. *See Lowe v. Hamilton County Dep't of Job and Family Serv.*, 610 F.3d 321, 330 (6th Cir. 2010) (stating that Ohio's political subdivision statute provides immunity under state law, "not under the Eleventh Amendment"); *Monell*, 436 U.S. at 691.

If the Court were to assume *arguendo* that it is not the issue of immunity that is the determinative issue but rather Franklin County's lack of capacity to be sued, that argument, on its face, has merit because an entity's capacity to be sued in federal court is to be determined *by state law*. Fed. R. Civ. P. 17(b)(3) (emphasis added). Accordingly, Ohio law could be read to permit Ohio counties to claim lack of capacity to suit under Fed. R. Civ. P. 17(b)(3)—as counties which do not meet the dictates of Section 301.22 are not "capable of suing or being sued." Ohio Rev. Code § 301.22. As our sister district court explained in this respect:

> This Court's independent review of federal law indicates that there is some merit to the contention that "[i]n order to bring a viable § 1983 claim against a defendant, the defendant sued must be an entity that is subject to being sued [under state law.]" This is because, under Fed. R. Civ. P. 17(b), an entity's capacity to be sued is to be determined by state law. A closely-related question is whether a governmental entity that cannot sue or be sued qualifies as a "person" for the purposes of § 1983.
>
> . . .
>
> Courts have generally treated questions of whether a § 1983 suit may be brought against a "political subdivision" of a state . . . under the rubric of Eleventh Amendment sovereign immunity analysis, and have looked to whether

> the governmental entity in question shares the state's own immunity from suit . . . . *In this way, courts have generally found a governmental entity's suability under § 1983 to be a function of the entity's sovereign immunity under federal law.*
>
> Thus, the Ohio cases holding that a county cannot be sued have reasoned that "[c]ounties are local subdivisions of a State, created by the sovereign power of the State, of its own sovereign will," as opposed to "municipal corporations," which are not "superimposed by a sovereign and paramount authority." The essential logic of these venerable cases is that the State of Ohio decided, on its own sovereign initiative, to divide its territory into county units, while there was no analogous central planning regarding the creation of Ohio cities and other municipal entities. Instead, the latter entities were formed in the manner of a Lockean social contract, "either at the direct solicitation or by the free consent of the people who compose them." *It is thus apparent that, even under Ohio law, the question of a governmental entity's suability [under Section 301.22] is not conceptually distinct from the question of the entity's sovereign immunity as an arm of the State*.

*Turner*, 671 F. Supp. 2d at 970-71 & n.2 (citations omitted) (emphasis added). In addition to joining in this reasoning, this Court finds that to hold otherwise would permit the exception to swallow the rule, as states would, in effect, by defining their own standards for the capacity of local governments to be sued, be permitted to extend Eleventh Amendment immunity to municipalities, counties, and other local governments—a result that Congress and the drafters of our Constitution did not anticipate. Thus, Ohio counties are precluded from claiming protection to suit on grounds of lack of capacity pursuant to Section 301.22.

This result was also not anticipated by the Supreme Court in *Monell*. When examining the congressional history of § 1983, the Civil Rights Act of 1871, the Court stated:

> Municipal corporations in 1871 were included within the phase "bodies politic and corporate" and, accordingly, *the "plain meaning" of § 1 is that local government bodies were to be included within the ambit of persons who could be sued under § 1 of the Civil Rights Act*.

*Monell*, 436 U.S. at 688-89 (emphasis added). The fact that Ohio counties, absent application of Section 301.22, are not "bodies politic and corporate" for *purposes of Ohio law* is not the

appropriate inquiry. *See* § 301.22 (stating that "[e]very county adopting a charter or alternative form of government is a body politic and corporate") (emphasis added). Rather, the meaning of "person" for purposes of § 1983 focuses on the intent of Congress, not that of the individual states. *See Monell*, 436 U.S. at 687-89. The congressional intent shows that the meaning of "person" for purposes of § 1983 includes "bodies politic and corporate," *which included municipalities, counties, and other local governments at the time of drafting the Civil Rights Act*. *See id*. (emphasis added). Accordingly, the dictates set forth under Ohio law for a county to become a "body politic and corporate" is not determinative of the issue at hand—as this would permit states to trump congressional authority and impermissibly broaden the scope of the Eleventh Amendment. Rather, "[b]y including municipalities [and counties] within the class of 'persons' subject to liability for violations of the Federal Constitution and laws, Congress – the supreme sovereign on matters of federal law – abolished whatever vestige of the State's sovereign immunity [that such counties] possessed." *Owen v. Independence*, 455 U.S. 622, 647-48 (1980) (commenting on § 1983). Thus, pursuant to Plaintiff's *Monell* claim, Franklin County is considered a "person" for purposes of § 1983 and the immunity afforded under Sections 301.22 and 2743.01, respectively, is inapplicable. *See Owen*, 455 U.S. at 647-48.

As a result, the determinative issue of the present motion becomes whether Plaintiff has filed a satisfactory claim pursuant to *Monell*. The decision by the Sixth Circuit in *Petty* is informative. Therein, the court articulated a two-part test for determining whether the *Monell* standard has been satisfied, stating that

> [t]he mandate of *Monell* and its progeny requires (1) that a municipality be held liable only "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury," . . . and (2) that there be an "affirmative link between the policy and the particular constitutional violation alleged[.]"

*Petty*, 478 F.3d at 347 (citing *Monell*, 436 U.S. at 694; *Oklahoma City v. Tuttle*, 471 U.S. 808, 823 (1985)) (internal citations omitted).

Examples of municipal "policy or custom" vary depending upon the theory upon which a plaintiff relies. A municipal "policy or custom" may be shown by the plaintiff pointing to duly adopted municipal law, *Pembaur v City of Cincinnati*, 475 U.S. 469, 480 (1986), or to a statement by a policymaking official, *Jett v. Dallas Indep. Sch. Dist.*, 491 U.S. 701, 737 (1989), or to a custom so widespread and well-settled "as to have the force of law," *Bd. of County Comm'rs of Bryan County v. Brown*, 520 U.S. 397, 404 (1997), or to inadequate screening, training or supervision by the municipality of its employees, *Bd. of County Comm'rs of Bryan County v. Brown*, 520 U.S. 397 (screening) and *City of Canton v. Harris*, 489 U.S. 378, 390 (1989) (training and supervision). As noted below, Plaintiff relies on the liability through inaction theory, i.e., an alleged failure to adequately train its employees. *See City of Canton*, 489 U.S. at 390.

In pertinent part, Plaintiff's Complaint alleges:

> 31. The Defendants . . . historically have had a policy, custom, and practice of failing to implement an adequate training program to properly train detention facility/jail personnel.
>
> 32. These Defendants adopted, ratified and/or implemented the policies, practices and procedures which denied Plaintiff . . . medical treatment within a reasonable period of time and did so with deliberate indifference to the Plaintiff's serious medical needs, thereby violating Plaintiff's constitutional rights.

(Doc. # 3, ¶¶ 31-32.)

The Court finds that Plaintiff's allegations state a plausible *Monell* claim against Franklin County. That is, Plaintiff alleges that Franklin County has historically implemented a policy or custom of failing to implement adequate training programs. Likewise, Plaintiff alleges that this

policy/custom resulted in Plaintiff not receiving proper medical treatment.  *See e.g., Petty*, 478 F.3d at 348 (finding under similar circumstances that a plausible *Monell* claim had been set forth).  Accordingly, the Court **DENIES** Defendants' motion to dismiss (Doc. # 6) as it relates to Franklin County.

### 2. Defendant Franklin County Board of Commissioners

In their motion, Defendants also argue that Franklin County Board of Commissioners should be dismissed because it has no duty to keep a safe jail and that it cannot be held liable on a *respondeat superior* claim.  Defendants' argument is well taken.

This Court has previously held that dismissal was appropriate on a § 1983 claim against the Franklin County Commissioners because it is not the entity in charge of the jail.  *Brown v. Voorhies*, No. 2:07-CV-0013, 2008 U.S. Dist. LEXIS 45778, at *5-7 (S.D. Ohio June 10, 2008), *report and recommendation adopted and aff'd by* 2008 U.S. Dist. LEXIS 64467 (S.D. Ohio Aug. 21, 2008).  Instead, the sheriff is the entity that controls the county jail and all persons confined therein.  *Compare* Ohio Rev. Code § 341.01 (stating that "[t]he sheriff . . . shall  keep such persons safely, attend to the jail, and govern and regulate the jail according to the minimum standards for jails in Ohio promulgated by the department of rehabilitation and correction"), *with* § 307.01(A) (designating the county commissioners office as the agency responsible for determining the necessity of jail construction).

Plaintiff's argument to impute liability on the commissioners under a theory of *respondeat superior* is similarly without merit.  *See Brown*, 2008 U.S. Dist. LEXIS at *6-7.  The county commissioners cannot be held liable for their mere funding of the sheriff's office.  *See Ridgeway v. Union County Comm'rs*, 775 F. Supp. 1105, 1109-10 (S.D. Ohio 1991); *Coffey v. Miami County Jail*, No. 3:05-CV-383, 2007 U.S. Dist. LEXIS 6175, at *3 (S.D. Ohio Jan. 29,

2007).

Thus, Plaintiff has failed to set forth a valid § 1983 claim upon which relief may be granted against Defendant Franklin County Board of Commissioners.  Accordingly, the Court **GRANTS** Defendants' motion to dismiss (Doc. # 6) as it relates to the Franklin County Board of Commissioners.

### III.  Conclusion

In light of the foregoing reasons, the Court **GRANTS IN PART** and **DENIES IN PART** Defendants' motion to dismiss (Doc. # 6).  The Court **GRANTS** dismissal as to Defendant Franklin County Board of Commissioners and **DENIES** dismissal as to Defendant Franklin County.

**IT IS SO ORDERED**.

    /s/ Gregory L. Frost
GREGORY L. FROST
UNITED STATES DISTRICT JUDGE